ROGER MAY V. THE STATE.

No. 22779. Delivered March 1, 1944.
Rehearing Denied April 26, 1944.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Unlawfully selling whiskey is the offense; the punishment, a fine of $100.00.

Appellant insists that the undisputed facts show that he acted only as the agent of the purchaser of the whiskey, and not

as the seller thereof. As to this, we note, that, upon cross-examination of appellant, and upon his being shown the bottle of whiskey which the State's witnesses identified as having been acquired from appellant, he said: "I am pretty sure that is the whiskey I sold Mr. Burney." (The purchaser named in the information.) Such an admission on the part of the appellant was sufficient to raise an issue for the jury—to say nothing of the State's testimony on the subject.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant asserts that in the original disposition of this case, we erred in two respects: First, in holding that he was not the agent of the purchaser of the whiskey; and second, that the evidence is not sufficient to sustain his conviction. In support of his contention he cites us to Latham v. State, 160 S. W. 455; 71 Tex. Cr. R. 552. In that case, the uncontroverted evidence shows that Latham (the appellant) told Crockett (the purchaser) that he did not have any whisky but he thought he "could rustle" him a quart, whereupon Crockett gave Latham two dollars; that after being gone for some time he returned with a quart of whisky. Crockett further testified that he could not recall that Latham told him at the time that he got the whisky from Alex Maxey. In that case the defendant's evidence was to the effect that when he returned with the whisky, he told Crockett that he had obtained the same from Alex Maxey. It will be noted that in that case, the uncontroverted evidence showed that Latham was acting as the agent of Crockett and not as the seller of the whisky, while in the present instance, the appellant testified that he was pretty sure that the whisky exhibited to him was the whisky which he sold to Burney, as set out in the original opinion. It is obvious that in the instant case, it was a question of fact whether he sold the whisky himself to Burney or was acting as Burney's agent, which the jury decided adversely to him; and we would not be justified in disturbing their verdict. We think that the evidence introduced by the State, if accepted by the jury as true, is sufficient to sustain his conviction. We, therefore, overrule the motion for a rehearing.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.